UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-10187-CIV-GOODMAN
[CONSENT]

DEBRA CARNEY,

    Plaintiff,

v.

DARGAN HADDOCK,

    Defendant.

_____/

### ORDER CONCERNING PLAINTIFF'S MOTION TO REMAND

Plaintiff Debra Carney ("Plaintiff"), as the personal representative of the estate of Robert Carney, decedent, filed a Motion to Remand and for Attorneys' Fees and Costs. [ECF No. 4]. Defendant Dargan Haddock ("Defendant") filed a response in opposition [ECF No. 9], and Plaintiff filed a reply. [ECF No. 12]. Subsequently, the Undersigned held a hearing on the motion to remand. For the reasons set forth below, the Court **grants in part and denies in part** Plaintiff's Motion to Remand and for Attorneys' Fees and Costs. Specifically, the Undersigned concludes that remand is appropriate but denies Plaintiff's request for fees and costs.

**BACKGROUND**

On July 27, 2015, Plaintiff filed in state circuit court her survival action under general maritime law and a wrongful death action under Florida law. The complaint

alleges that Mr. Carney drowned while scuba diving. On August 21, 2015, she served Defendant with the complaint. According to Defendant, Plaintiff served the complaint on August 21, 2015, but it was incomplete -- it was missing page eight, which contained the recitation of damages claimed by Plaintiff. Plaintiff does not concede that the complaint she served was incomplete.

On September 2, 2015, Plaintiff received an email from Defendant's insurance adjustor, which included attachments concerning the relevant claim. The email also contained a request for an extension of time to file an answer to the complaint. [ECF Nos. 9-2; 12-2]. The following day, Plaintiff's counsel agreed to provide the insurance adjustor until September 24, 2015 to file an answer.

On September 14, 2015, Plaintiff's counsel spoke with Richard McAlpin, defense counsel, on the phone. McAlpin informed Plaintiff's counsel that he was representing Defendant and asked for an extension of time to file an answer to the complaint. Plaintiff's counsel stated at the hearing that McAlpin did not discuss a missing page, removal, or insufficient information to determine the threshold jurisdictional amount. On the other hand, defense counsel contends that they *did* discuss missing pages, which would explain why the confirmation email discusses Plaintiff providing a copy of the filed complaint. [ECF No. 9-2, p. 2]. Plaintiff provided defense counsel with the same extension of time previously provided to the insurance adjustor.

On September 17, 2015, Plaintiff's and Defendant's counsel spoke on the phone and defense counsel asked for another copy of the complaint. Plaintiff's counsel contends that defense counsel did not mention that he needed the complete complaint to determine the jurisdictional amount and whether the complaint was removable. Plaintiff's counsel subsequently emailed a copy of the complaint to defense counsel, which he thought was a complete version of the complaint.

On September 24, 2015, defense counsel emailed Plaintiff's counsel, indicating that the versions of the complaint provided to them by Plaintiff's counsel were incomplete and requesting that Plaintiff's counsel provide a copy of the stamped complaint filed with the Monroe County Clerk of Court. That same day, Plaintiff's counsel emailed defense counsel a full copy of the complaint and asked for defense counsel to let Plaintiff's counsel know whether a clerk-certified copy was still necessary. Defense counsel responded to the email and indicated that a certified copy would be greatly appreciated. Plaintiff's counsel then informed defense counsel how much the Clerk's Office charges for certified copies and asked whether they should send defense counsel the invoice.

On September 30, 2015, Defendant filed the notice of removal based on diversity jurisdiction.

**MOTION TO REMAND**

Plaintiff requests that the Court remand this case because Defendant's notice of removal was untimely. Plaintiff alleges that it served Defendant with the complaint on August 21, 2015 and Defendant filed the notice of removal on September 30, 2015 -- forty days later. Plaintiff acknowledges that she provided Defendant with additional time to file an answer to the complaint, but contends that the additional time is of no consequence to the untimely removal.

Plaintiff alleges that Defendant possessed the complaint since August 21, 2015 and that it was not until September 24, 2015 that defense counsel advised Plaintiff that their version was missing a page. Plaintiff contends that even if page eight of the complaint was missing, Defendant was still aware (based on the other pages in his possession) that there was complete diversity of citizenship and that the amount in controversy exceeded the $75,000 jurisdictional amount.

Additionally, Plaintiff requests that the Court award costs and attorney's fees incurred as a result of the allegedly improper removal.

On the other hand, Defendant contends that the Court should deny the motion to remand because Defendant timely removed the case. Defendant alleges that Plaintiff served an incomplete complaint -- one that was missing page eight, which contained the recitation of damages. Defendant contends that he could not fairly evaluate whether

Plaintiff's claims exceeded the jurisdictional amount without the recitation of damages page.

Defense counsel contends that despite earlier requests, Plaintiff did not provide a full complaint until September 24, 2015 -- more than thirty days after service of the initial complaint. Defendant alleges that September 24, 2015 was the first day his counsel could ascertain whether the case met the minimum amount in controversy and contends that he removed the case only six days after Plaintiff provided the complete complaint. Accordingly, Defendant contends that the thirty-day time limit for removal began to run on September 24, 2015 when he received the full complaint, thus making the September 30, 2015 removal timely.

In her reply, Plaintiff contends that Defendant knew that Plaintiff's complaint exceeded the jurisdictional amount based on the claims raised.[1]

**APPLICABLE LEGAL RULES AND ANALYSIS**

28 U.S.C. § 1332 provides that federal "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States[.]" Section 1441 authorizes, with certain inapplicable exceptions, the removal of "any civil

---

[1] A few days before the reply to the motion to remand was due, emails were exchanged between defense counsel and other defense counsel (who was temporarily also assigned to the case by the insurance adjustor), discussing that the complaint given to the other counsel was also incomplete. [ECF No. 18-1].

action" in which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

28 U.S.C. § 1446, in turn, sets out the relevant procedure for removal of a lawsuit from state court to federal court and provides, in relevant part:

> The notice of removal of a civil action or proceeding shall be filed **within 30 days after the receipt by the defendant, through service** or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]

28 U.S.C. § 1446(b)(1) (emphasis added).

As a general matter, removal statutes are to be construed narrowly, and where the parties clash about jurisdiction, uncertainties are to be resolved in favor of remand. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

"When the initial pleading fails to provide at least a clue that the action is removable, the thirty day period does not begin." *Naef v. Masonite Corp.*, 923 F. Supp. 1504, 1511 (S.D. Ala. 1996) (citing *Richman v. Zimmer, Inc.*, 644 F. Supp. 540, 541 (S.D. Fla. 1986). "In such a case, the thirty day time limit for notice of removal begins at the point when the defendant could have intelligently ascertained that the action was removable." *Id.*

The party seeking to invoke federal jurisdiction through removal has "the task of proving to the court exactly when the thirty day time limit of 28 U.S.C. § 1446 began to run." *Clingan v. Celtic Life Ins. Co.*, 244 F. Supp. 2d 1298, 1302 (M.D. Ala. 2003) (granting

motion to remand because defendant waited too long to remove the case, given the information available which could have been used to ascertain that the amount in controversy exceeded the requisite $75,000).

In ascertaining whether a complaint's allegations support removal, the Court may make "reasonable deductions" and use "common sense" to determine if removal is proper. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) ("Put simply, a district court need not suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount") (internal quotations omitted). *See also Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1061.

Plaintiff served Defendant with the complaint on August 21, 2015. The thirty-day period for removing the case to federal court began to run on that date, unless the opposing party could not ascertain whether the case was removable at the time the complaint was served. If removability is not ascertainable, then the thirty-day period begins to run once the party can determine that it can remove the case.

Here, the parties disagree as to whether Defendant timely removed the case. They also disagree as to whether Defendant was originally served with the full

7

complaint or a complaint missing page eight. Defendant contends he did not remove the case sooner because he could not ascertain whether the claims met the minimum amount in controversy until Plaintiff provided a full complaint on September 24, 2015. He contends that he timely removed the case because he filed his Notice of Removal just six days after receiving a complete copy of the complaint on September 24, 2015.

In this particular case, the inclusion or exclusion of page eight is ultimately inconsequential in determining whether Defendant timely removed the complaint. Because Defendant adamantly contends that the alleged failure to include page eight delayed Defendant's determination of whether the claim met the jurisdictional amount, the Undersigned is *assuming* (even though Plaintiff does not concede the point) that the eighth page was indeed missing when Plaintiff served the complaint on August 21, 2015.

The complaint raised two claims against Defendant: (1) a survival action under the United States General Maritime Law and (2) a wrongful death action under Florida's Wrongful Death Act. Plaintiff requested compensatory damages in relation to the survival action under the United States General Maritime Law. As for the second claim's requested damages, page seven of the complaint ended with the following:

> Decedent, ROBERT CARNEY, died and his Estate and Survivors suffered damages under Florida's Wrongful Death Act, as follows:

Because page eight was allegedly missing, the rest of page seven's final sentence -- the actual recitation of damages -- was not provided. The recitation of damages included (1)

funeral expenses and loss of prospective net accumulations for the estate, (2) loss of support and services, spousal companionship and protection, and mental pain and suffering for the surviving spouse; and (3) loss of support and services, lost parental companionship, instruction, and guidance, and mental pain and suffering for two surviving children.

Defendant places too much importance on this single page. If Defendant indeed could not determine whether the damages would amount to at least $75,000, then he could have simply called or emailed Plaintiff's counsel and specifically asked for this information. Also, Defendant had more than sufficient time to investigate the allegedly indeterminable amount. Even though the parties disagree as to whether Defendant alerted Plaintiff that the damages page was missing before September 24th, Defendant's contention that he made earlier requests for a complete version of the complaint does not assist him. Rather, it makes it appear that Defendant knew even earlier that he did not have all the information he later claimed was necessary.

Moreover, even without the list of specifically requested damages for the wrongful death action under Florida's Wrongful Death Act and without a general estimate from Plaintiff's counsel, it is clear from the other portions of the complaint that the claims meet the $75,000 jurisdictional amount. Using common sense, one could reasonably deduce that a wrongful death action, alleging that the decedent drowned while scuba diving because of Defendant's actions, would request more than $75,000 in

9

damages. The complaint detailed an absolutely horrific death. Even if the specific damages for each survivor were arguably excluded, the complaint's earlier pages made it clear that Plaintiff was seeking damages for the estate and the decedent's three survivors -- his wife and two children. *See Roe*, 613 F.3d 1058 (affirming district court's conclusion that plaintiff's claims likely met the jurisdictional amount in controversy in a wrongful death case -- even though the applicable state law permits only punitive, rather than compensatory damages).

Accordingly, the Undersigned finds that Defendant failed to demonstrate that the thirty-day period for removal started at a time later than when Defendant received the complaint. Defendant could have intelligently ascertained that Plaintiff's requested damages would amount to more than $75,000. Additionally, he could have determined the damages amount from the time Defendant received the complaint on August 21, 2015. Therefore, filing the Notice of Removal on September 30, 2016 was untimely.  To be sure, removal here would have been proper if Defendant had timely sought it. *See generally DO Restaurants, Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342 (S.D. Fla. 2013) (removed case satisfied $75,000 jurisdictional requirement after trial court included amount of likely attorney's fees). *See also Morgan v. Sears, Roebuck & Co.*, No. 12-60055, 2012 WL 2523692 (S.D. Fla. June 29, 2012) (concluding that removal was proper because the back pay claim, based on one theory of termination, amounted to $75,250).

**PLAINTIFF'S REQUEST FOR FEES AND COSTS**

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has determined that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). There is no presumption in favor of awarding fees simply because the removal is ultimately unsuccessful. *Bauknight v. Monroe Cnty., Fla.*, 446 F.3d 1327, 1329 (11th Cir. 2006).

Here, Plaintiff does not provide any actual analysis as to why the Undersigned should grant the request for reasonable fees and costs. In addition, Plaintiff did not provide the requested amount of reasonable fees and costs. Because Plaintiff failed to make a sufficient showing of entitlement to the permissible, discretionary award of fees and costs, the Court **denies** Plaintiff's request.

**CONCLUSION**

For the reasons stated above, the Undersigned **grants in part and denies in part** Plaintiff's motion to remand. The Court **remands** this case to the Monroe County Circuit Court and **denies** Plaintiff's request for reasonable costs and attorney's fees.

The Court **directs** the Clerk of the Court to **deny** all pending motions as moot, promptly **remand** the case to the Circuit Court of the Sixteenth Judicial Circuit in and for Monroe County, Florida, and **close** this case.

**DONE** and **ORDERED** in Chambers in Miami, Florida, May 16, 2016.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
All counsel of record